IN THE UNITED STATES DISTRICT COURT
FOR THE STATE OF COLORADO

Civil Action No.  08-cv-02411-RPM-CBS

WILLIAM COLIN WARD a/k/a BILL WARD,

       Plaintiff,

vs.

BRUCE HARTMAN, Sheriff, individually and in
    his official capacity;
DAVID RYAN REPP, individually; and
PATRICK STANTON, individually,

       Defendants.

---

## SCHEDULING ORDER

---

## 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL

A Scheduling/Planning Conference was held on April 7, 2009 before the Honorable

Senior Judge Richard P. Matsch.  Appearing on behalf of the parties were:

*Plaintiff William Colin Ward*: William S. Finger of Frank & Finger, P.C., 29025 D

Upper Bear Creek Road, P.O. Box 1477, Evergreen, Colorado 80347-1477, telephone (303) 674-

6955.

*Defendants Bruce Hartman, David Ryan Repp and Patric Stanton*: Andrew D. Ringel

and Edmund M. Kennedy of Hall & Evans, L.L.C., 1125 17th Street, Suite 600, Denver,

Colorado 80202-2052, telephone (303) 628-3300.

## 2. STATEMENT OF JURISDICTION

This Court possesses subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331. Plaintiff also asserts jurisdiction under 28 U.S.C. § 1343.

## 3. STATEMENT OF CLAIMS AND DEFENSES

*Plaintiff*: The claims made by William Ward against Defendants are as follows:

Plaintiff has brought claims against the Gilpin County Sheriff Bruce Hartman, individually and in his official capacity; and two of his deputies, David Ryan Repp and Patric Stanton, relating to the illegal seizure of the Plaintiff and forced placement of the Plaintiff into a mental health facility (psychiatric hospital) without a court order and without legal right and authority under law. Plaintiff asserts that Defendants actions violated Plaintiff's civil rights and are actionable under 42 U.S.C. §1983. More specifically, Plaintiff asserts the following claims:

Plaintiff has brought a claim of violation of 42 U.S.C. §1983 against Defendant Repp, individually, and Defendant Stanton, individually, involving the illegal seizure of Plaintiff on November 6, 2006 and placing Mr. Ward on a 72 hour mental health hold without justification in violation of the 4th and 14th Amendments to the United States Constitution. It is alleged that Sheriff Deputies Repp and Stanton had no probable cause to believe that Mr. Ward suffered a mental illness that posed an imminent threat to himself and/or others, and despite that fact, Deputy Repp and Deputy Stanton issued an emergency mental illness application for a 72-hour hold causing Mr. Ward to be held against his will in violation of constitutional rights under the 4th and 14th Amendments.

Plaintiff has also brought claims against Sheriff Bruce Hartman in his official capacity

relating to Plaintiff's illegal seizure on November 6, 2006.  Plaintiff claims that Defendant

Hartman, in his official capacity as an elected official of Gilpin County is responsible for the acts

of Repp and Stanton and the violation of constitutional rights under the 4th and 14th Amendments

to the United States Constitution.  It is asserted that Sheriff Hartman, as the highest ranking

official in the Sheriff's office, approved, ratified and condoned the actions of Deputy Ryan and

Deputy Stanton and the illegal seizure of Mr. Ward and deprivation of Mr. Ward's civil rights.

It is also asserted in a separate cause of action that Sheriff Hartman in his official

capacity failed to properly train his deputies concerning the criteria for using an emergency 72

hour mental health hold and that this failure to properly train resulted in Plaintiff being illegally

seized and caused a violation of rights.

Plaintiff additionally asserts a claim against Defendant Hartman in his official capacity

for the seizure and taking of Plaintiff's dog without due process of law.  Plaintiff asserts that he

was never consulted of any wrongful act relating to the dog and the dog or its value was never

returned to him by the County.

The Fifth Cause of Action is against Sheriff Hartman, individually, asserting that Sheriff

Hartman conspired with others to wrongfully remove force Mr. Ward from his property and that

Mr. Ward's seizure on November 6, 2006 was part of that wrongful action and a violation of Mr.

Ward's constitutional rights under the 4th and 14th Amendments.  Alternatively, it is alleged that

Sheriff Hartman ratified, approved and acquiesced to the seizure of Mr. Ward, in violation of his

4th and 14th Amendment rights, rendering Sheriff Hartman personally liable under 42 U.S.C. §

1983.

*Defendants*: Defendants deny they violated any of the Plaintiff's constitutional rights in any respect or that the Plaintiff states any cognizable claim against any of the Defendants pursuant to 42 U.S.C. § 1983 as a matter of law.  Initially, Defendants maintain Deputy David Ryan Repp and Deputy Patric Stanton had an appropriate and legal basis to seize the Plaintiff's dog on November 6, 2006, based on the documented deplorable condition of the Plaintiff's dog and based on the evaluation of the Plaintiff's dog by these deputies and Clear Creek Animal Control Officer Amy Karshbaum.  Specifically, the deputies and Officer Karshbaum observed a visible wound on the dog's left shoulder of approximately four inches in diameter with the appearance that the fur and flesh of the dog had been cut off and muscle tissue had either been cut off or cut into.

Further, Deputy Repp and Deputy Stanton also had a legitimate and legal basis to detain the Plaintiff for a mental health evaluation based on his conduct and statements on November 6, 2006, that demonstrated to the deputies that the Plaintiff might be a danger to himself or others sufficient for him to be evaluated by mental health professions.

In addition, no custom, policy or practice of Sheriff Bruce Hartman caused any alleged constitutional violation to the Plaintiff.  And no campaign against the Plaintiff by any member of the Gilpin County Sheriff's Department, including Sheriff Hartman, ever actually occurred or was planned in any respect.

Finally, as defenses and affirmative defenses, Defendants assert all of the defenses and affirmative defenses contained in the Answer to Plaintiff's Complaint and Demand for Jury Trial from Defendants dated February 23, 2009.

## 4. UNDISPUTED FACTS

1.        William Ward resides at 164 Elk Road in unincorporated Gilpin County,

Colorado.

2.        Bruce Hartman is the Sheriff of Gilpin County.

3.        David Ryan Repp and Patric Stanton are Deputy Sheriffs of Gilpin County.

4.        On November 6, 2006 Deputies Repp and Stanton went to Mr. Ward's property.

5.        Defendants Repp and Stanton took Mr. Ward into custody for a 72 hour mental

health evaluation on November 6, 2006.

6.        Defendants Repp and Stanton took control and possession of Mr. Ward's dog and

turned the dog over to Clear Creek Animal Control Officer Amy Karshbaum on November 6,

2006.

## 5. COMPUTATION OF DAMAGES

a.        *__Plaintiff__*:

Mr. Ward seeks unspecified damages for what he believes was illegal seizure and

restraint.  These damages include damages for humiliation and embarrassment, mental upset,

distress, anxiety, loss of freedom, improper labeling of Mr. Ward as mentally impaired and ill,

and violation of his constitutional rights.  Mr. Ward also seeks recovery for medical expenses

and legal expenses.  Mr. Wad also seeks recovery for the value of his dog.  Mr. Ward believes

the dog's value to be between $500 and $1,000.

Mr. Ward further seeks attorney fees and costs pursuant to 42 U.S.C. §1988.

Mr. Ward also seeks injunctive relief to prevent further intimidation and abuse by the

Sheriff's Department.

     b.   ***Defendants***:

Defendants are not claiming any damages from the Plaintiff at this time. However, Defendants reserve their right to seek their attorneys fees and costs pursuant to applicable federal and Colorado law.

### 6. REPORT OF PRE-CONFERENCE DISCOVERY & MEETING UNDER FED.R.CIV.P. 26(f)

     a.    Date of rule 26(f) meeting. A Fed.R.Civ.P. 26(f) meeting was held on March 23, 2009. This was done by telephone conference.

     b.    In attendance were:

        1.    On behalf of Plaintiff William C. Ward was William S. Finger of Frank & Finger, P.C.

        2.    On behalf of Defendants Bruce Hartman, David Ryan Repp and Patric Stanton was Andrew D. Ringel of Hall & Evans, L.L.C.

     c.    Proposed changes, if any, in timing or requirement of disclosures under Fed.R.Civ. 26(a)(1). **March 31, 2009**.

     d.    Statement as to when rule 26(a)(1) disclosures were made or will be made: The parties have agreed that disclosures under Fed.R.Civ.P. 26(a)(1) will be made on or before **March 31, 2009**. Plaintiff made his disclosures on March 23, 2009.

     e.    Statement concerning any agreements to conduct informal discovery, including joint interviews with potential witnesses, exchanges of documents, and joint meetings with

clients to discuss settlement. The parties have discussed using informal discovery when appropriate, but no specific commitment has been made. The parties will work together during discovery and will contemplate and engage in informal discovery if that proves workable and agreeable to counsel for both parties.

       f.      Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information: The parties do not anticipate that the claims and defenses will involve extensive electronically stored information, except perhaps information relating to the Sheriff Department's records.

       g.      Describe any agreements the parties have reached for asserting claims of privilege or of protection as trial preparation materials after production of computer-generated records. The parties have agreed to enter into a confidentiality order that will comply with standards utilized by the Court. The order of protection will include but are not limited to the Plaintiff's medical and psychological records and personnel records of the Defendants. The parties, however, are not agreeing that such records are necessarily discoverable.

## 7. CASE PLAN AND SCHEDULE

       a.      Deadline for Joinder of Parties and Amendment of Pleadings: **June 5, 2009**.

       b.      Discovery Cutoff: **December 11, 2009**.

       c.      Dispositive Motion Deadline: **January 29, ~~2009~~** *2010*.

       d.      Expert Witness Disclosure:

          (1) State anticipated fields of expert testimony, if any:

           *Plaintiff*:

A.    Medical and mental health evaluators;

B.    Law enforcement expert

C.    Plaintiff reserves the right to add experts in any additional fields and designate and endorse any experts necessary for rebuttal purposes.

*Defendants*: Defendants reserve the right to call experts in any of the fields designated by Plaintiff and to designate any treating health care providers of the Plaintiff.

(2)    State any limitations proposed on the use or number of expert witnesses: **Five, including diagnosing or treating physicians or psychologists.**

(3)    The party bearing the burden of persuasion on the issues for which expert opinion is to be offered shall designate the expert and provide opposing counsel with all information specified in Fed.R.Civ.P. 26(a)(2) on or before **September 25, 2009.**

(4)    The parties shall designate all contradicting experts and provide opposing counsel with all information specified in Fed.R.Civ.P. 26(a)(2) on or before **October 23, 2009**.

(5)    Any rebuttal opinions will be exchanged on or before **November 13, 2009**.

(6)    Notwithstanding the provisions of Fed.R.Civ.P. 26(a)(2)(B), no exception to the requirements of the rule will be allowed by stipulation of the parties unless the stipulation is approved by the court.

e.    Deposition Schedule:

-8-

| Name of Deponent | Date of Deposition | Time of Deposition | Length of Deposition |
|---|---|---|---|
| *Plaintiffs:* | | | |
| Sheriff Bruce Hartman | | | Full day |
| David Ryan Repp | | | Full day |
| Patrick Stanton | | | Full day |
| Gilpin Ambulance Personnel | | | 3 to 4 hours |
| | | | |
| | | | |
| *Defendants*: | | | |
| William C. Ward | | | Full day |
| | | | |
| | | | |

f.      Interrogatory Schedule: The parties agree each side may serve 25 interrogatories
on the other side in one or more sets with service being not later than 33 days before the
discovery cutoff or on or before **November 6, 2009**.

g.      Schedule for Request for Production of Documents and Requests for Admission:
The parties agree each side may serve 30 requests for production and 30 requests for admission

-9-

on the other side in one or more sets with service being not later than 33 days before discovery

cutoff or on or before **November 6, 2009**.

   h.  Discovery Limitations:

     (1)  Any limits which any party wishes to propose on the number of

depositions: **10, including experts**.

     (2)  Any limits which any party wishes to propose on the length of depositions:

**7 hours of running time**.

     (3)  Modifications which any party proposes on the presumptive numbers of

depositions or interrogatories contained in the federal rules. **None**.

     (4)  Limitation which any party proposes on number of requests for production

of documents and/or requests for admissions: See above.

   i.  Other Planning or Discovery Orders.  A confidentiality order is being drafted and

will be circulated.  The parties intend to submit a stipulated confidentiality agreement to the

Court for execution.

## 8. SETTLEMENT

   The parties certify that, as required by Fed.R.Civ.P. 26(f) they have discussed the

possibilities for a prompt settlement or resolution of the case by alternative dispute resolution.

   The parties may request, if appropriate, that the Judge make an early reference to a

magistrate for purposes of conducting a settlement conference.

## 9. OTHER SCHEDULING ISSUES

   a.  A statement of those discovery or scheduling issues, if any, on which counsel,

## 9.  OTHER SCHEDULING ISSUES

a.     A statement of those discovery or scheduling issues, if any, on which counsel, after a good faith effort, were unable to reach an agreement: None.

b.     The anticipated length of trial is estimated at 4-5 days, including opening statements, closing statements and jury instructions.  Trial is to a jury.

## 10.  AMENDMENTS TO SCHEDULING ORDER

The Scheduling Order may be altered or amended only upon a showing of ***good cause***.

* * * * * *

DATED this 7 day of April, 2009.

BY THE COURT:

_____
Richard P. Matsch
United States District Judge

SCHEDULING ORDER REVIEWED AND APPROVED:

FRANK & FINGER, P.C.

_____
William S. Finger
P.O. Box 1477
Evergreen, CO 80437-1477
Tele: (303) 674-6955

*Attorney for Plaintiff*

HALL & EVANS, L.L.C.

_____
Andrew D. Ringel
Edmund M. Kennedy
1125 17th Street, Suite 600
Tele: (303) 628-3300

*Attorneys for Defendants*